UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANDRES GOMEZ,

      Plaintiff,

vs.

AMBERT MEDICAL CARE CENTER, CORP. and
OSHEROFF MIAMI LAKES, LLC

      Defendants.

_____/

## INJUNCTIVE RELIEF SOUGHT

## COMPLAINT

    Plaintiff, ANDRES GOMEZ ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendants AMBERT MEDICAL CARE CENTER, CORP ("AMBERT"). and OSHEROFF MIAMI LAKES, LLC (hereinafter "Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.* ("ADA") the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"), as well as violation of Section 504 of the Rehabilitation Act of 1973, 29.USC § 794 (the "Rehabilitation Act") against Defendant AMBERT MEDICAL CARE CENTER, CORP., and alleges as follows:

## JURISDICTION

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. §12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C. §§2201 and 2201).

2.     The Court also has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

3.     This is an action for injunctive relief, declaratory judgment and monetary damages.

4.     The remedy of monetary damages is sought exclusively under Section 504 of the Rehabilitation Act of 1973 and sought exclusively from Defendant AMBERT MEDICAL CARE CENTER, CORP.

5.     Venue is proper in this federal district as all acts complained of occurred in Miami-Dade County, Florida.

**PARTIES**

6.     Plaintiff, ANDRES GOMEZ is a resident of the State of Florida and this judicial district, is *sui juris*, is disabled as defined by the ADA and the Rehabilitation Act, is legally blind, and therefore is substantially limited in performing one or more major life activities, including but not limited to accurately visualizing his world, adequately traversing obstacles and walking without assistance.

7.     Plaintiff uses the term "blind" or "blind person" to refer to persons with visual impairments who meet the legal definition of blindness in that they

have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision, whereas others have no vision.

8.     Plaintiff's visual disabilities greatly impacts his ability to maneuver, ambulate and utilize public facilities. Because of his visual disabilities, Plaintiff is reliant upon public accommodations properly following the 2010 ADAAG standards in all aspects because he expects facilities within public accommodations to follow the 2010 ADAAG standards and this reasonable expectation permits him to safely and efficiently utilize such facilities whereas if said facilities were not compliant with the 2010 ADAAG standards Plaintiff may be exposing himself to dangers and difficulties in using such facilities.

9.     Plaintiff's access to the real property located at 15495 Eagle Nest Lane, Hialeah, FL 33014 that is listed in the Miami-Dade property appraiser's office with the folio number of 32-2013-012-0030 ("the Facility") and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations which exist at the Facility, including those set forth in this Complaint.

10.     Plaintiff had previously visited the Facility as a patient at Ambert Medical Care Center on April 19, 2016 at 9:30 AM. Ambert Medical Care

Center has offices located inside the Facility. After experiencing the numerous barriers to access, he was dissuaded from being a patient until the Facility is cleared of said barriers. Plaintiff lives in the near vicinity of the Facility and Property.

11.    In this instance, Plaintiff travelled to the Facility as a patient, encountered the barriers to access at the Facility detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendants' ADA violations discussed below.

12.    Defendant AMBERT MEDICAL CARE CENTER, CORP. has a web site with the web site address of www.ambertmedicalcarecenter.com ("web site"). The web site is a place of public accommodation and has a nexus with the Facility.

13.    Information and informational services presented in the web site concern many of the services and procedures offered at the Facility. Appointments at the location can be made on the web site. As such, the web site is a service and public accommodation of Defendant, AMBERT MEDICAL CARE CENTER, CORP.

14.    Under the ADA, all places of public accommodation must ensure that the disabled have full and equal enjoyment of its goods and services by making reasonable modifications to its services.

15.    Public policy and the specific tenants of the ADA promote Internet accessibility for the legally blind.

4

16.    Plaintiff has attempted to utilize the web site for informational purposes, but due to his disability and AMBERT MEDICAL CARE CENTER, CORP.'s failure to have the web site adequately accessible to individuals with visual impairments, was unable to fully do so.

17.    Covered entities under the ADA, such as AMBERT MEDICAL CARE CENTER, CORP., that use the Internet for communications regarding their programs, goods or services, must offer those communications through adequate accessible means as well.

18.    Defendant, AMBERT MEDICAL CARE CENTER, CORP. is a Florida Corporation, and transacts business in the State of Florida and within this judicial district.   It operates Ambert Medical Care Center, located at 15495 Eagle Nest Lane, Hialeah, FL 33014, referred to in the Complaint as the Facility and owns and operates the web site.   AMBERT MEDICAL CARE CENTER, CORP. is the lessee, sub-lessee, lessor and/or operator of the real property and improvements which are the subject of this action.

19.    AMBERT MEDICAL CARE CENTER, CORP. has discriminated against Plaintiff on the basis of disability in the full and equal enjoyment of the services, facilities, privileges, advantages or accommodations through the Facility and the web site in violation of 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201 by failing to adequately program the web site to accurately and sufficiently integrate with common commercially available screen reader software utilized by Plaintiff and others with visual disabilities and fails to comply with Web Content Accessibility Guidelines (WCAG) 2.0.

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

20.     Plaintiff utilizes JAWS Screen Reader software (the "screen reader software"), the most popular screen reader software utilized worldwide which requires a web site to adhere to Web Content Accessibility Guidelines (WCAG) 2.0. for proper operation.

21.     Specifically, the web site discriminates against individuals with visual impairments in the following manner:

 a. Website does not contain any statement of its ADA policy towards visually impaired patrons.

 b. Website does not contain an ADA button/link to adjust the website format to one that is fully readable by SRS and/or to change the font size.

 c. On the first home page it does not read the title completely where it says a New Concept in the Medical Care.

 d. There are fillable forms to make appointments which the screen reader software cannot read the captcha to send the form to request an appointment.

22.     At all times relevant to this Complaint, Defendant AMBERT MEDICAL CARE CENTER, CORP. has received Medicare/Medicaid payments, or other federal funds payments for services rendered to their patients.

23.     At all times relevant to this Complaint, Defendant AMBERT MEDICAL CARE CENTER, CORP. was either aware of or deliberately indifferent to the violations of the ADA and Section 504 of the Rehabilitation Act of 1973,

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

described in this Complaint at the time the decision was made to locate this medical facility at the Property which was patently not compliant with the ADA.

24.     At all times relevant to this Complaint, Defendant AMBERT MEDICAL CARE CENTER, CORP. had opportunities to correct the numerous exterior, interior and web site ADA violations present at the property but chose not to do so.

25.     Defendant, OSHEROFF MIAMI LAKES, LLC is a Florida Limited Liability Company and transacts business in the State of Florida and within this judicial district. OSHEROFF MIAMI LAKES, LLC is the owner and/or operator of the Real Property.

### COUNT I: VIOLATION OF THE ADA AS TO BOTH DEFENDANTS

26.     Plaintiff reavers the allegations set forth in paragraphs 1 through 25 as though fully stated herein.

27.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. §12101, *et seq.*

28.     Congress found, among other things, that:

    (i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    (ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    (iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication,

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

recreation, institutionalization, health services, voting, and access to public services;

(iv)     individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)      the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

29.     Congress explicitly stated that the purpose of the ADA was to:

(i)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

(iv)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

30.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III

of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a)

31.     The Facility is a public accommodation and service establishment.

32.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36.  Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §1281, *et seq.*, and 28 C.F.R. §36.508(a).

33.     The Facility must be, but is not, in compliance with the ADA and ADAAG.

34.      Plaintiff has attempted to and has, to the extent possible, accessed the Facility in his capacity as a patient of AMBERT MEDICAL CARE CENTER, CORP., but could not fully do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and the web site operated by AMBERT that preclude and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

35.     Defendant OSHEROFF MIAMI LAKES, LLC has no operational control or liability under the ADA regarding the web site.

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

36.    Plaintiff intends to visit the Facility and the web site again in the very near future as a patient in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and the web site, but will be unable to fully do so because of his disability and the barriers to access, conditions and ADA violations that exist at the Facility and the web site that preclude and/or limit his access to the Facility and web site and/or services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

37.    Defendants have discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and web site, as prohibited by, and by failing to remove barriers as required by 42 U.S.C. §12182, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all barriers that exist at the Facility and web site, including those specifically set forth herein, and make the Facility and web site accessible to and usable by persons with disabilities, including Plaintiff.

38.    Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed and preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and Property and/or full and equal enjoyment

of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, include:

**ACCESSIBLE ELEMENTS**

a.   There are three accessible parking spaces that are not adequately marked and are in violation of section 502.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

b.   The accessible route leading to the accessible entrances of the Property has indentations which promote puddling, which represents a slipping hazard and is in violation of Section 302.1 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property as he is unable to adequately see the changes in level, puddling and surface changes.

c.   The accessible route leading to the accessible entrances of the Property is not level and therefore in violation of section 303.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property as Plaintiff is unable to visualize the vertical rises causing a tripping hazard.

d.   The accessible route leading to the accessible entrances of the Property contains storm drains with slits that are wider than ½" in violation of section 302.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

units of the Property as Plaintiff is unable to visualize the gaps causing a tripping hazard.

e.     There is an excessive vertical rise along the accessible route or path in violation of section 303.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property as Plaintiff is unable to visualize the vertical rises causing a tripping hazard.

f.     The interior of the Facility has sales and services counters lacking any portion of the counter that has a maximum height of 36 inches from the finished floor in violation of section 904.4 of the 2010 ADAAG regulations, all portions of the sales and service counter exceed 36 inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Facility.

g.     The total number of accessible parking spaces is inadequate and is in violation of section 208.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

h.     On the first floor, near the men's restroom, there is a door leading to the garage that has a 3" vertical rise that is not ramped in violation of section 303.4 of the 2010 ADAAG regulations. This violation made it dangerous and difficult for Plaintiff to access

public features of the Property as Plaintiff is unable to visualize the vertical rise causing a tripping hazard.

i.    The Property lacks signage at the base of stairways that are in compliance with section 703.5 of the 2010 ADAAG standards. Said signs fail to indicate the presence of stairs and/or direct patrons to an accessible elevator.   As such, Defendants are in violation of section 216.4.3 of the 2010 ADAAG standards.

j.    The handrails in the stairwell do not properly extend horizontally above the landing for at least 12 inches beyond the top and bottom of the ramp run and are in violation of section 505.10.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access different floors of the Property and know when the stairs cease.   This can cause a falling hazard as Plaintiff may misjudge when the stairs stop.

k.    The elevator on the Property lacks an audible signal in violation of section 407.2.2.3 of the 2010 ADAAG standards.   This violation made it difficult for Plaintiff to access different floors of the Property as Plaintiff was unable to know visually when the elevator arrived.

**RESTROOMS**

a.    The hand operated flush control is not located on the open side of the accessible stall in violation of section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

restroom facilities as Plaintiff is knowledgeable about the 2010 ADAAG standards and comes to rely upon buildings having restrooms in compliance with said standards. When fixtures are not compliant and Plaintiff is unable to adequately visualize said non-compliance, reaching for a non-existent fixture can become dangerous causing Plaintiff to fall.

b.     The accessible toilet stall door is not self-closing and/or otherwise violates section 604.8.2.2 of the 2010 ADAAG standards. This made it difficult for the Plaintiff to safely utilize the restroom facilities. This may cause Plaintiff to walk into the door thinking it was in the closed position when it was not.

c.     The accessible toilet stall door swings into the clear floor space required by the stall and violates section 604.8.1.2 of the 2010 ADAAG standards. This made it difficult for the Plaintiff to safely utilize the restroom facilities. This may cause Plaintiff to walk into the door thinking it was in the closed position or extending out of the stall when it was not.

d.     The height of coat hook located in accessible restroom stall is above 48" from the finished floor in violation of section 308.2.1 of the 2010 ADAAG regulations. This made it difficult for Plaintiff to utilize the restroom facilities and the height of the hook is at eye-level causing a danger to the Plaintiff of poking his eye with the coat hook.

e.   The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of section 606.5 of the 2010 ADAAG regulations. This made it unsafe for Plaintiff to utilize the restroom facilities in the event Plaintiff dropped an item underneath the lavatory.

f.   When leaving the restroom, the door lacks maneuvering clearance due to the proximity of the paper towel dispenser and the extension of the sink and is in violation of section 404.2.4 of the 2010 ADAAG standards.  This made it difficult for Plaintiff to safely utilize the restroom facilities.

g.   The restrooms lack signage in compliance with 703.5 and do not contain the International Symbol of Accessibility complying with section 703.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to locate accessible restroom facilities.

39.   All of the above violations are readily achievable to modify in order to bring the Facility and web site into compliance with the ADA.

40.   The removal of the barriers to access and conditions present at the Facility and web site is readily achievable because the nature and cost of the modifications are relatively low and the Defendants have the financial resources to make the necessary modifications.

41.   Upon information and belief, the Facility and web site has been altered since 2010.

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

42.     In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 38 can be applied to the 1991 ADAAG standards.

43.     Plaintiff has attempted to gain access to the Facility and web site in his capacity as a patient, but because of his disability has been denied full access to, and has been denied the benefits of services, programs and activities of the Facility and the web site, and has otherwise been discriminated against and damaged by Defendants, because of the barriers, conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendants because of Plaintiff's disabilities, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

44.     The removal of the barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.    42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. §36.304.

45.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth herein. The relief requested serves the public interest and the benefit to Plaintiff and the public far outweigh any detriment to Defendants.

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 ● Boca Raton, Florida 33433 ● Tel (561) 807-7388 ● Fax (561) 807-7198

46.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendants pursuant to 42 U.S.C. § § 12205 and 12117.  Plaintiff is entitled to his reasonable attorney's fees, costs, and expenses from Defendants pursuant to 42 U.S.C. § § 12205 and 12117.

47.    Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

WHEREFORE, Plaintiff respectfully requests that this Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, required Defendant AMBERT MEDICAL CARE CENTER, CORP. to modify the web site to bring it into compliance with the ADA and award Plaintiff his reasonable attorneys' fees, litigation expenses and costs.

**COUNT II – Violation of the Rehabilitation Act of 1973 against AMBERT MEDICAL CARE CENTER, CORP.**

48.     Plaintiff reavers the allegations set forth in paragraphs 1 through 25 and 27 through 47 as though fully stated herein.

49.     Prior to AMBERT MEDICAL CARE CENTER, CORP. being located at the Facility, AMBERT MEDICAL CARE CENTER, CORP. intentionally discriminated, or at a minimum, was deliberately indifferent to the discrimination of individuals with visual disabilities, like Plaintiff, by choosing to locate its medical offices in a location that clearly violated multiple aspects of the ADA, the Rehabilitation Act of 1973 and ADAAG relating to visual disabilities.

50.     AMBERT MEDICAL CARE CENTER, CORP. has intentionally discriminated against Plaintiff and others with visual and mobility related disabilities, by choosing a location it knew to be non-compliant with the ADA relating to barriers to access impacting the mobility impaired as well as

implementing a web site that is not adequately accessible/usable to the most popular screen reader software, thus denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property.

51.     AMBERT MEDICAL CARE CENTER, CORP. has never requested from OSHEROFF MIAMI LAKES, LLC, or any other prior landlord or property manager who has operational control over the Property that the barriers to access found throughout the Property be corrected despite servicing numerous individuals with visual and mobility related disabilities such as the Plaintiff.

52.     By being intentionally indifferent to the plight of the visual and mobility impaired, AMBERT MEDICAL CARE CENTER, CORP. has imposed an eligibility criterion for its patients, this eligibility criterion tends to screen out an individual with mobility related disabilities from fully enjoying the services and facilities AMBERT MEDICAL CARE CENTER, CORP. provides.

53.     Moreover, AMBERT MEDICAL CARE CENTER, CORP. has failed to take such steps as may be necessary to ensure that no individual with a visual and mobility related disability, like Plaintiff, is excluded, denied services or otherwise treated differently than other non-disabled individuals because of the absence of auxiliary aids and services.

54.     Furthermore, AMBERT MEDICAL CARE CENTER, CORP. has a website that is inaccessible to the visually impaired.

55.     The intentional nature of the discrimination AMBERT MEDICAL CARE CENTER, CORP., has wrought on Plaintiff, stems in part from the fact

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

that AMBERT MEDICAL CARE CENTER, CORP. is a complex business owner who interacts with individuals with visual and mobility related disabilities on a regular basis.  Any failure on the part of AMBERT MEDICAL CARE CENTER, CORP. to choose a location that complies with the ADA, modify the property to comply with the ADA, configure the web site to adequately work with the most popular screen reader software or for its own policies and procedures to comply with the ADA, ADAAG or Rehabilitation Act relating to barriers to access impacting individuals with mobility-related disabilities, like Plaintiff, can only be the result of an animus or distaste against individuals with visual and mobility related impairments.

56.     The intentional discrimination of the Plaintiff by AMBERT MEDICAL CARE CENTER, CORP. has caused Plaintiff to suffer emotional distress and damages in the past and he continues to suffer distress and damages in the future due to AMBERT MEDICAL CARE CENTER, CORP.'s intentional discrimination.

57.     Moreover, Plaintiff's intent to return to the Facility and Property as a patient is giving him further emotional distress as he is concerned about his safety when he intends to return.

58.     Plaintiff's intent to return stems, in part, from a desire not to be bullied or cringe in the face of discrimination, so despite his anxiety Plaintiff desires to return.

59.     In accordance with the 11th Circuit's opinion of *Shelly vs. MRI Radiology Network,* 505 F.3d 1173 (11th Cir. 2007), Plaintiff seeks damages for

mental and emotional distress caused by the personal humiliation, mental anguish and suffering caused by the intentional discrimination of AMBERT MEDICAL CARE CENTER, CORP.. These emotional damages are available to make whole the victims of violations of § 504 of the Rehabilitation Act.

60. Plaintiff further seeks a declaratory judgment that the AMBERT MEDICAL CARE CENTER, CORP.'s inactions, policies and practices violate the Plaintiff's rights under section 504 of the Rehabilitation Act by discriminating against him on the basis of his disability.

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

WHEREFORE, Plaintiff respectfully requests that this Court issue a permanent injunction enjoining AMBERT MEDICAL CARE CENTER, CORP. from continuing its discriminatory practices, ordering AMBERT MEDICAL CARE CENTER, CORP. to seek removal of the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by Section 505 of the Rehabilitation Act of 1973, ordering Defendant AMBERT MEDICAL CARE CENTER, CORP. to modify the web site to bring it into compliance with the ADA entering a declaratory judgment asserting that AMBERT MEDICAL CARE CENTER, CORP.'s practices violate the Plaintiff's rights under section 504 of the Rehabilitation Act by intentionally discriminating against him on the basis of his disability, compensate Plaintiff for mental and emotional distress damages and award Plaintiff his reasonable attorneys' fees, litigation expenses and costs.

Respectfully submitted this 19th day of September, 2016.

/s/ Douglas S. Schapiro
Douglas S. Schapiro
Fla. Bar #54538
The Schapiro Law Group, P.L
Attorney for Plaintiff
21301 Powerline Road
Suite 106
Boca Raton, FL 33433
Tele: (561) 807-7388
Fax: (561) 807-7198
Email: schapiro@schapirolawgroup.com